UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY ANN VINCENT,

    Plaintiff,                                    No. 17-13302

v.                                      Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 18, 2019 REPORT AND RECOMMENDATION [14]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying her applications for disability insurance and supplemental security income. The Court referred the matter to the Magistrate Judge, who recommends denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and affirming the Commissioner's decision. (Dkt. 14.) Plaintiff filed two objections to the Magistrate Judge's report and recommendation on February 1, 2019, and the Commissioner filed a response to Plaintiff's objections on February 8, 2019. (Dkts. 15, 16.) Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS and ADOPTS the report and recommendation. As a result, the Court DENIES Plaintiff's motion for summary judgment (Dkt. 11); GRANTS

Defendant's motion for summary judgment (Dkt. 13); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

## II. Standard of Review

### A. *De Novo* Review of Objections

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### B. Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of

choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## III. Analysis

Plaintiff makes two objections to the Magistrate Judge's report and recommendation. First, Plaintiff argues the Magistrate Judge erred when he found that the administrative law judge's ("ALJ") decision was supported by substantial evidence. Second, Plaintiff argues the Magistrate Judge erred when he found that the ALJ properly evaluated the opinion evidence from Plaintiff's treating physicians.

The Commissioner's response does not address Plaintiff's objections on the merits, but rather notes that Plaintiff is repeating the same arguments she previously raised in her motion for summary judgment.

> This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.

*Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has reviewed the parts of the Magistrate Judge's report to which specific objections have been filed. The Court agrees with the Magistrate Judge.

### A. Whether the ALJ's Decision was Supported by Substantial Evidence

Plaintiff argues her ability to work was overestimated by the ALJ. In support of this argument, she notes she testified that due to the severe pain and spasms she experiences on her right side, she is unable to sit for more than fifteen minutes; she is

3

unable to engage in physical activity for more than ten to fifteen minutes; she must lie down for twenty to thirty minutes each time she experiences spasms; and she only sleeps for four hours at night. The ALJ, however, properly considered this testimony but, ultimately, found that her statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. (Tr. 16-17.) The ALJ noted, for example, that some of her examination results were normal and she testified that she was able to care for her three grandchildren.

Moreover, the ALJ concluded that Plaintiff only retains the ability to perform sedentary work, (tr. 15), which is the most restrictive of the job classification categories, *see* 20 C.F.R. §§ 404.1567, 416.967. The ALJ also placed the following restrictions on her residual functional capacity ("RFC"): she must avoid concentrated exposure to unprotected heights, vibrating tools, moving machinery, extreme temperatures, dusts, fumes, and gases; she cannot use ladders; she can occasionally climb stairs, balance, stoop, or crawl; and she must be allowed to change position every 15 minutes. (Tr. 15.) The last of these restrictions directly addresses Plaintiff's testimony regarding her inability to sit for more than fifteen minutes. In sum, the Court agrees with the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence.

### B. Whether the ALJ Properly Evaluated the Treating Physicians' Opinion

Plaintiff argues that the ALJ did not properly consider the opinion evidence of her treating physicians, Drs. Wein and Mekasha. More specifically, Plaintiff notes that both physicians documented her severe pain and the need for her medications to be

4

increased and renewed on numerous occasions.  Plaintiff also argues that if the opinion of a treating source is not given controlling weight, the ALJ must apply the factors set forth in 20 C.F.R. § 404.1527, which the ALJ did not do here.

The Court first notes that the Sixth Circuit has stated that the regulations do not require an exhaustive factor-by-factor analysis, as long as the ALJ gives "good reasons" for the weight it gives a treating physician's opinion.  *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (unpublished).  Here, the ALJ properly discussed the treatment Plaintiff received from both Drs. Wein and Mekasha.  (Tr. 15-17.)  And in what the Magistrate Judge described as a "credibility discussion," (dkt. 14, Pg ID 448), the ALJ noted that while Dr. Mekasha concluded that Plaintiff was "morbidly obese" and her seated straight leg raise ("SLR") was positive on the right, (*see* tr. 321), an x-ray study of her lumber spine was normal, (tr. 283), and subsequent examinations indicated that SLR testing was negative, (*see, e.g.*, tr. 350).  *See Coldiron v. Comm'r of Soc Sec.*, 391 F. App'x 435, 440 (6th Cir. 2010) ("An ALJ may accomplish the goals of [the good reason requirement] by *indirectly* attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record.") (unpublished).  The ALJ also noted that he accommodated Plaintiff's conditions by imposing "significant restrictions" within her RFC, including the option to change positions every 15 minutes.  (Tr. 17.)  In sum, the Court is satisfied that the ALJ properly considered the evidence from Plaintiff's treating physicians.

**IV.     Conclusion**

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.  The

Court therefore DENIES Plaintiff's motion for summary judgment (Dkt. 11); GRANTS Defendant's motion for summary judgment (Dkt. 13); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 25, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager